Charles A. Nowak, Appellant, v. Clarence H. Geist, Appellee.

Gen. No. 22,707.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. THOMAS TAYLOR, JR., Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

Statement of the Case.

Bill by Charles A. Nowak, complainant, against Clarence H. Geist, defendant, for a partnership accounting. From a judgment in favor of complainant for $912.50, complainant appeals.

ANGUS ROY SHANNON and CHAUNCEY M. MILLAR, for appellant.

WALTER L. FISHER and STEPHEN A. DAY, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

Abstract of the Decision.

1. PARTNERSHIP, § 52*—*when evidence sufficient to show existence of.* On a bill for an accounting, where it was alleged that a

copartnership existed between the parties for the purpose of securing, selling, financing and disposing of public utility franchises, evidence *held* sufficient to show that the parties, following the agreement in question, had transacted a partnership business as alleged.

2. PARTNERSHIP, § 61*—*when franchises deemed to be property of.* On a bill for a partnership accounting, where one of the questions to be determined was whether certain franchises were included in the partnership agreement of the parties, or whether they were to be regarded as the individual property of the defendant, *held* that when consideration was given to the time, manner and circumstances under which such franchises were acquired, it might reasonably be held that the acquirement of them inured to the benefit of the partnership.

3. PARTNERSHIP, § 337*—*when evidence sufficient to show dissolution of.* On a bill for a partnership accounting, where one of the main questions involved was whether or not the partners had agreed to dissolve as of a certain date and to permit the defendant to deal with a certain option contract free of the interest of the complainant, evidence *held* sufficient to show that the partnership was dissolved at the time in question.

4. PARTNERSHIP, § 422*—*when accounting not allowed beyond time of alleged dissolution.* On a bill for a partnership accounting, where one of the principal questions involved was whether the accounting should have been excluded beyond a certain date, or in any event beyond the date at which the bill alleged that a dissolution took place, and where it appeared that the bill sought a partnership accounting solely, and was not predicated on any fraudulent or deceitful conduct on the part of the defendant, *held* that although there was sufficient evidence to warrant a finding that such accounting should have been had as of the earlier date, it was clear that it should not have been extended beyond the date at which the bill alleged that a dissolution had taken place.

5. PARTNERSHIP, § 61*—*what not considered property of.* Property acquired after the dissolution of a partnership but before the affairs of the dissolved corporation have been wound up is not necessarily to be considered as partnership property, even though the partner acquiring it has continued to carry on the business of the dissolved firm without the consent of his late partners.

6. PARTNERSHIP, § 410*—*what is extent of liability of partner to copartners for property of in his possession.* Where a bill merely seeks a partnership accounting as between partners, each partner is deemed to be a debtor to the others to the extent of the partnership property under his possession or control at the time of the dissolution of the partnership.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.